2025 IL App (1st) 241728-U

No. 1-24-1728

Order filed December 8, 2025.

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| SHANTE McCRAY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 CH 9807 |
| | ) | |
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | The Honorable |
| | ) | Allen P. Walker, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

JUSTICE LAVIN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Howse concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We affirm the trial court's dismissal of plaintiff's action challenging the court's earlier orders terminating parental rights where the action was barred by *res judicata*.

¶ 2     Plaintiff Shante McCray brought a *pro se* action in the trial court against the State challenging trial court orders in two earlier cases terminating plaintiff's parental rights. The trial court dismissed the action based on *res judicata*. Plaintiff appeals *pro se*, contending that the dismissal was erroneous. We affirm.

¶ 3      On December 4, 2023, plaintiff filed her *pro se* complaint seeking reinstatement of her parental rights or to "overturn the judge's decision." She also asked for an order that "hospitals not to take any more of my children because I'm still young and able to have children."

¶ 4      On June 11, 2024, the State filed a combined motion to dismiss pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2024)), seeking dismissal with prejudice on the grounds that (1) the complaint failed to state a claim upon which relief could be granted (*id.* § 2-615), and (2) *res judicata* barred the matter (*id.* § 2-619(a)(9)) as this court affirmed the termination of parental rights in circuit court cases 17 JA 842 and 17 JA 843 (*In re T.S. & A.S.-M.*, No. 1-22-1881 (2023) (unpublished summary order under Illinois Supreme Court Rule 23(c))).

¶ 5      On July 11, 2024, the trial court granted the State's motion and dismissed the case with prejudice based on *res judicata*, finding the dismissal to be final and appealable.

¶ 6      On appeal, plaintiff contends that the trial court erred in dismissing her case with prejudice.

¶ 7      As a threshold matter, the State asks us to affirm summarily "on the ground that [plaintiff] has failed to present any discernible argument or authority for reversal of the circuit court's judgment." Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires that an appellant's brief contain an argument section with "the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Plaintiff's brief does not include any legal citations to show the trial court's decision was erroneous, and fails to make a coherent argument why *res judicata*, which was the basis for the trial court's decision, does not apply. That said, we can discern from plaintiff's *pro se* brief that she is challenging the dismissal of her case, and we will proceed accordingly. See *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 48 (addressing the merits of an appeal where we can discern the issue the appellant intends to appeal and have the benefit of the appellee's cogent brief).

¶ 8        Section 2-619.1 of the Code permits a combined dismissal motion under sections 2-615 and 2-619. *Barron v. City of Chicago*, 2025 IL App (1st) 240066, ¶ 25. A motion to dismiss under section 2-615 challenges the legal sufficiency of the pleading. 735 ILCS 5/2-615 (West 2024). Under section 2-619, a case may be dismissed if "the cause of action is barred by a prior judgment," or "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." *Id.* § 2-619(a)(4), (9). The doctrine of *res judicata* provides that a final judgment on the merits, rendered by a court of competent jurisdiction, absolutely bars a subsequent action between the same parties involving the same claim, demand, or cause of action. *People v. Watkins-Romaine*, 2025 IL 130618, ¶ 46. We review *de novo* the dismissal of a case with prejudice under section 2-619. *Mercado v. S&C Electric Co.*, 2025 IL 129526, ¶ 19.

¶ 9        Here, plaintiff's complaint challenged the trial court's terminations of parental rights in two juvenile cases, case numbers 17 JA 842 and 17 JA 843. However, a court of competent jurisdiction (the trial court in the juvenile cases) already rendered a final judgment between the same parties (plaintiff and the State) on the merits of the same claim, demand, or cause of action raised in the instant action regarding whether plaintiff's parental rights should be terminated. And another court of competent jurisdiction (this court) already rendered a final judgment on the merits (affirmance) of the trial court's termination decision. See *In re T.S. & A.S.-M.*, No. 1-22-1881 (2023) (unpublished summary order under Illinois Supreme Court Rule 23(c)). We therefore find that *res judicata* barred plaintiff's claim that her parental rights were wrongly terminated. Accordingly, the trial court did not err in dismissing this case with prejudice.

¶ 10        Plaintiff's motions in this court to reinstate her parental rights and reopen adoption, both taken with the case, are hereby denied.

¶ 11        Accordingly, the judgment of the circuit court of Cook County is affirmed.

No. 1-24-1728

¶ 12    Affirmed; motions denied.